IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CR-136-PLR-DCP |
| ) | |
| BRADLEY PAYTON HEFNER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Defendant first appeared for an arraignment on September 20, 2018. At that time, the Court appointed Assistant Federal Defender Bobby E. Hutson, Jr. and the Federal Defender Services of Eastern Tennessee ("FDS") to represent the Defendant. The parties appeared before the undersigned again on October 2, 2018, for a motion hearing on defense counsel's Motion to Relieve Counsel [Doc. 15], filed on September 26, 2018. Assistant United States Attorney Jennifer Kolman represented the Government. Mr. Hutson appeared with Defendant Hefner, who was also present.

The motion asks the Court to appoint substitute counsel for Defendant Hefner, because Mr. Hutson and FDS have an actual conflict of interest that ethically prohibits their representation of the Defendant. At the hearing, Mr. Hutson stated that he discovered the conflict upon reviewing the Defendant's case shortly after his appointment. AUSA Kolman stated that the Government takes no position on the motion. The Court addressed Defendant Hefner to ensure that he

understood that Mr. Hutson has a conflict that requires that he withdraw.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent actual conflict in this case, the Court finds that good cause exists to grant defense counsel's Motion to Relieve Counsel [**Doc. 15**], the same is **GRANTED**, and Mr. Hutson and FDS are relieved as counsel of record for Defendant Hefner. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. Attorney Randall E. Reagan appeared and agreed to accept representation of the Defendant.[1] The Court therefore and hereby **SUBSTITUES** and **APPOINTS** Mr. Reagan as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Hutson noted that the Government stated that it would provide electronic access to the discovery in this case to Mr. Regan as soon as possible. Mr. Hutson is **DIRECTED** to provide the Defendant's file to new counsel as expeditiously as possible.

Accordingly, it is **ORDERED:**

(1) The Motion to Relieve Counsel [**Doc. 15**] is **GRANTED**;

(2) Assistant Federal Defender Bobby E. Hutson, Jr. and FDS are permitted to withdraw as counsel of record for the Defendant and are **DIRECTED** to transfer the Defendant's file and any discovery

---

[1] Mr. Reagan noted that a potential conflict exists with the scheduled trial date of November 27, 2018, but that he would file a motion to address any potential conflicts.

2

to new counsel as soon as possible; and

(3) Attorney Randall E. Reagan is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge