IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-136-PLR-DCP |
| | ) | |
| BRADLEY PAYTON HEFNER, | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 8, 2018, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue Trial Date and Extend Other Deadlines [Doc. 20], filed on November 1, 2018. Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Attorney Randall E. Reagan represented the Defendant, who was also present.

The Defendant asks the Court to continue the November 26 trial date in this case and to extend all other deadlines. He contends that the Court recently permitted the substitution of counsel and that new counsel received the discovery two weeks before the motion deadline. The Defendant argues that counsel needs additional time to review discovery, to investigate and file pretrial motions, and to prepare the case for trial. In particular, counsel needs to research search and seizure issues relating to the use of a drug detection dog and the circumstances of the

Defendant's prior conviction in South Dakota. The motion states that the Government does not oppose the requested continuance.

At the motion hearing, Mr. Reagan said he needed additional time to research and litigate pretrial motions and to prepare for trial. He noted that although the Defendant is charged in a single-count Indictment with being a felon in possession of a firearm, the underlying felony conviction is from South Dakota. He noted that the Defendant also received a restoration of rights in South Dakota and that he is investigating the effect of that restoration on the instant charge. AUSA Carpenter confirmed that the Government does not oppose a trial continuance. The parties agreed on a new trial date of April 2, 2019.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also finds that continuing the trial for five months is necessary in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court substituted [Doc. 16] Mr. Reagan as the Defendant's counsel of record on October 2, 2018. Mr. Reagan needs time to complete his review discovery; to research, prepare, and litigate pretrial motions; to interview witnesses; to confer with the Defendant; and to prepare the case for trial. The Court finds that requiring the parties to proceed to trial on November 26 would deprive counsel of the reasonable time necessary to prepare effectively for trial, even taking into account his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue the trial and extend pretrial deadlines [**Doc. 20**] is **GRANTED**, and the trial of this matter is reset to **April 2, 2019**. The Court finds that all the time between the filing of the Defendant's motion on November 1, 2018, and the new trial date

of April 2, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court extended the motion deadline to **December 13, 2018**. Responses to motions are due on or before **January 10, 2019**. The parties are to appear before the undersigned for a motion hearing on **January 18, 2019, at 1:30 p.m.** The new deadline for concluding plea negotiations and providing reciprocal discovery is **March 5, 2019**. The Court instructs the parties that all motions *in limine* must be filed no later than **March 18, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **March 22, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Date and Extend Other Deadlines [**Doc. 20**] is **GRANTED**;

(2) The trial of this case is reset to commence on **April 2, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the filing of Defendant Hefner's motion on **November 1, 2018**, and the new trial date of **April 2, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **December 13, 2018**;

(5) Responses to motions are due on or before **January 10, 2019**;

(6) The parties shall appear before the undersigned for a motion hearing on all pending pretrial motions on **January 18, 2019, at 1:30 p.m.**;

(7) The new deadline for concluding plea negotiations and providing reciprocal discovery is **March 5, 2019**;

(8) All motions *in limine* must be filed no later than **March 18, 2019**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **March 22, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge