IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　　No. 3:18-CR-136-PLR-DCP
BRADLEY PAYTON HEFNER,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate.  The parties appeared before the Court on November 28, 2018, for a motion hearing on defense counsel's Motion to Relieve Counsel of Representation [Doc. 23], filed on November 14, 2018.  Assistant United States Attorney LaToyia T. Carpenter represented the Government.  Attorney Randall E. Reagan appeared on behalf of Defendant Hefner, who was also present.

Defendant Hefner was initially represented by Assistant Federal Defender Bobby E. Hutson, Jr., and the Federal Defender Services of Eastern Tennessee ("FDS") [Doc. 9].  On October 2, 2018, the Court substituted and appointed [Doc. 16] Mr. Reagan to represent Defendant Hefner, after finding that Mr. Hutson and FDS had an actual conflict of interest.  Mr. Reagan now asks [Doc. 23] to be relieved of his representation of Defendant Hefner, because he too has an actual conflict of interest.  At the November 28 hearing, Mr. Reagan stated that he had confirmed with the Tennessee Board of Professional Responsibility that the conflict prevented him from

representing Defendant Hefner.  AUSA Carpenter stated that the Government had no objection to substitution of counsel.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements).  In light of the existence of an actual conflict in this case, the Court finds that good cause exists to grant defense counsel's motion to withdraw, the same [**Doc. 23**] is **GRANTED**, and Mr. Reagan is relieved as counsel of record for Defendant Hefner.  *See also Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel.  Attorney Mark E. Brown appeared and agreed to accept representation of the Defendant.  The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Brown as Defendant Hefner's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Reagan stated that he would provide the Defendant's file to Mr. Brown promptly.

The Court reviewed the current schedule with Mr. Brown, who requested a short extension of the motion deadline to allow him time to receive and review discovery.  The December 13, 2018 motion deadline is extended to **January 2, 2019**.  The deadline for responding to pretrial motions is also extended to **January 16, 2019**.  The parties will appear before the undersigned for a hearing on all pretrial motions at the previously scheduled motion hearing on **January 18, 2019, at 1:30 p.m.**

Accordingly, it is **ORDERED:**

(1) Attorney Randall E. Reagan's Motion to Relieve Counsel of Representation [**Doc. 23**] due to an actual conflict of interest is **GRANTED**;

(2) Mr. Reagan is **RELIEVED** as counsel of record for Defendant Hefner and is **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible;

(3) Attorney Mark E. Brown is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA;

(4) The motion deadline is extended to **January 2, 2019**. Responses to motions are due on or before **January 16, 2019**; and

(5) All other dates and deadlines in this case, including the motion hearing on **January 18, 2019, at 1:30 p.m.**, shall remain the same at this time.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge