IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-136-PLR-DCP |
| | ) | |
| BRADLEY PAYTON HEFNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 25, 2019, for an arraignment on the Superseding Indictment [Doc. 41], filed on February 20, 2019. Assistant United States Attorneys LaToyia T. Carpenter and Brent N. Jones appeared on behalf of the Government. Attorney Mark E. Brown represented the Defendant, who was also present.

Following the arraignment, Mr. Brown made an oral motion to continue the April 2, 2019 trial date and other deadlines in this case. He said he needed additional time to prepare for trial, in light of the addition of a new charge in the Superseding Indictment. Defense counsel sought a new motion deadline but stated that he was not waiving or seeking to refile his pending Motion to Dismiss the Indictment for Failure to State an Offense [Doc. 30],[1] which the Court presently has

---

[1] The Court notes that Count One of the Superseding Indictment is the same charge as the single count alleged in the original Indictment [Doc. 3]. Accordingly, the Defendant's pending Motion to Dismiss relates only to Count One of the Superseding Indictment. If the Defendant wants to challenge Count Two of the Superseding Indictment, even for the same reasons that he challenged Count One, he must do so in a new motion.

under advisement. The Government expressed no objection to a trial continuance, and the parties agreed on a new trial date of July 16, 2019.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also finds that continuing the trial for three and one-half months is necessary in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). A Superseding Indictment was filed on February 20, 2019, adding a new charge of receipt of a firearm by a person under indictment for a felony in violation of 18 U.S.C. § 922(n). Mr. Brown needs time to review any discovery relating to the new charge; to research, prepare, and litigate pretrial motions relating to the new charge; to interview witnesses; to confer with the Defendant; and to prepare the case for trial. The Court finds that requiring the parties to proceed to trial on April 2 would deprive counsel of the reasonable time necessary to prepare effectively for trial, even taking into account his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's oral motion to continue the trial and extend pretrial deadlines is **GRANTED**, and the trial of this matter is reset to **July 16, 2019**. The Court finds that all the time between the arraignment on **February 25, 2019**, and the new trial date of **July 16, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **March 15, 2019**, for any pretrial motions relating to Count Two of the Superseding Indictment. Responses to motions are due on or before **March 29, 2019**. The parties are to appear before the undersigned for a motion hearing on **April 2, 2019, at 9:30 a.m.** The Court set a final pretrial conference for **June 18, 2019, at 11:00 a.m.** The new deadline for concluding plea negotiations and providing reciprocal discovery is **June 25, 2019**. The Court

instructs the parties that all motions *in limine* must be filed on or before **July 1, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 5, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial and other deadlines is **GRANTED**;

(2) The trial of this case is reset to commence on **July 16, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the arraignment on **February 25, 2019**, and the new trial date of **July 16, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions relating to Count Two of the Superseding Indictment is **March 15, 2019**. Responses to motions are due on or before **March 29, 2019**;

(5) The parties shall appear before the undersigned for a motion hearing on **April 2, 2019, at 9:30 a.m.**;

(6) The final pretrial conference is set before the undersigned on **June 18, 2019, at 11:00 a.m.**;

(7) The new deadline for concluding plea negotiations and providing reciprocal discovery is **June 25, 2019**;

(8) All motions *in limine* must be filed no later than **July 1, 2019**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **July 5, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge